UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS KELLY, JR., | ) | No. 3:21-cv-00021 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| vs. | ) | PRE-ANSWER MOTION TO |
| | ) | DISMISS |
| JUDE PANNELL, TRAVIS NEELD, | ) | |
| NILES MERCER, DOES 1-10, THE | ) | |
| CITY OF IOWA CITY and JOHNSON | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

In accordance with Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7(d), Jude Pannell and Johnson County submit this brief in support of their Motion to Dismiss.

## **Background**

On December 26, 2019, Jude Pannell had just finished grocery shopping and was leaving in his car. (Police Reports, p. 5, App. 5). He observed an individual with whom he was familiar and later identified as Chris Kelly, who Mr. Pannell believed he had prosecuted in the past. (Police Reports, p. 5, App. 5). Mr. Pannell believed Mr. Kelly to be acting suspicious in intently watching the nearby investigation activities of law enforcement officers. (Police Reports, p. 5, App. 5). Based on Mr. Pannell's experience

1

with handguns, he suspected (correctly as it turns out) that Mr. Kelly was concealing a handgun in his pocket because Mr. Kelly's right pocket contained what appeared to be a heavy object with hard outlines that caused the jacket pocket to sag down several inches and swing fore and aft as Mr. Kelly walked suggesting the item had some mass. (Police Reports, p. 5, App. 5). Concerned, Mr. Pannell called Iowa City Police Officer, Travis Neeld, who Mr. Pannell saw working on the nearby law enforcement investigation, and informed Officer Neeld of his observations. (Police Reports, p. 5, App. 5). Mr. Pannell made a loop to see where Mr. Kelly had gone, did not see Mr. Kelly, and then went home with his groceries. (Police Reports, p. 5, App. 5). Mr. Pannell later emailed Officer Neeld with a narrative of what Mr. Pannell observed. (Police Reports, p. 5, App. 5). All of this information, including Mr. Pannell's identity and position with the Johnson County Attorney's Office was disclosed in the police reports. (e.g. Police Reports, p. 5, App. 5).

At the underlying criminal suppression hearing, the Court was provided with limited information regarding the involvement of Jude Pannell. (Suppression Order, p. 3, App. 26). Based on a single question, the full answer being cut off by Mr. Kelly's defense counsel, the Court operated under the mistaken belief that Mr. Pannell's identity had been obscured.

2

(Transcript Suppression Hearing, p. 24:25-25:2, App. 12-13; Suppression Order, p. 3, fn 1; App. 26).

Plaintiff has leveraged the Court's misperceptions from the limited record at the suppression hearing and has now sued Mr. Pannell, Johnson County, unnamed Doe's from the Johnson County Attorney's Office, and the City Defendants alleging a conspiracy to cover-up and alter police reports to obscure Mr. Pannell's role as the witness who initially called the police. (Complaint: p. 1, unnumbered para 2; p. 12, numbered para 46; pp. 12-13, numbered para. 47; p. 13, numbered para. 48; p. 13, numbered para. 50; p. 21, numbered para. 87; pp. 21-22, numbered para. 88; p. 22, numbered para. 89; and, p. 22, numbered para. 91).

The crux of Plaintiff's allegations against Mr. Pannell, Johnson County, and the unnamed Doe defendants in the Johnson County Attorney's Office stem from reporting what Mr. Pannell believed to be suspicious behavior of a man believed to be carrying a concealed gun in his pocket in the vicinity of an unrelated investigation by Iowa City Police Officers. From that limited involvement, Plaintiff asserts multiple claims and a wide-ranging conspiracy between Mr. Pannell, Johnson County, the Johnson County Attorney Office Doe Defendants, and the Iowa City Police to cover-up and obscure the identity of Mr. Pannell.

Mr. Pannell and Johnson County join in the motion to dismiss filed by the City Defendants. They also raise separate arguments to dismiss Plaintiff's claim for cover-up and malicious prosecution (Count V); all other Counts to the extent they rely on the alleged cover-up; and injunctive relief based on the dismissed Counts (Count XII).

## Standard for Motion to Dismiss

The Federal Rules of Civil Procedure allow for dismissal of claims for "failure to state a claim upon which relief may can be granted." Fed. R. Civ. P. 12(b)(6). In *Aguilera v. Wright County*, United States District Court Judge, Mark W. Bennett, succinctly recited the comprehensive standard used with a pre-answer motion to dismiss – what he has termed the Twom-bal standard. *See Aguilera v. Wright Cty.*, 990 F. Supp. 2d 926, 938-39 (N.D. Iowa 2014) (referring to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). In summary, the Twom-bal standard requires:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> Courts consider "plausibility" under this *Twom-bal* standard by drawing on their own judicial experience and common sense. Also, courts must review the plausibility of the plaintiff's claim as

a whole, not the plausibility of each individual allegation. The Eighth Circuit Court of Appeals has refused, at the pleading stage, to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*. Nevertheless, the question is not whether the pleader might at some later stage be able to prove facts alleged; the question is whether it has adequately asserted facts (as contrasted with naked legal conclusions) to support its claims." Thus, while this court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.

In assessing "plausibility," as required under the *Twom-bal* standard, the Eighth Circuit Court of Appeals has explained that courts consider only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint and materials that are part of the public record or do not contradict the complaint. A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.

Various federal Circuit Courts of Appeals have expressly recognized that, in addition to dismissal for factual implausibility, the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) [or 12(c)] of a claim that lacks a cognizable legal theory.

*Aguilera*, 990 F. Supp. 2d at 938-39 (internal punctuation and citations removed).

**Argument:**
**Plaintiff's claims of cover-up and obscuring the identity of Mr. Pannell are unsupported and do not plausibly contain a sufficient factual basis to state a claim upon which relief may be granted.**

In the Complaint, Plaintiff incorporated by reference and made integral to his claims, the police reports, which Plaintiff alleges were obscured to hide the identity of Mr. Pannell. (Complaint, p. 1, unnumbered para 2; p. 12, numbered para 46; pp. 12-13, numbered para. 47; p. 13, numbered para. 48; p. 13, numbered para. 50; p. 21, numbered para. 87; pp. 21-22, numbered para. 88; p. 22, numbered para. 89; and, p. 22, numbered para. 91). Because the police reports are incorporated by reference and made integral to the Plaintiff's claims, they should be proper for consideration in this Motion to Dismiss under the Twom-bal standard. *See id.*

To the extent the police reports are not adequately incorporated by reference and made integral to Plaintiff's claims for consideration in this Motion to Dismiss, Mr. Pannell and Johnson County have concurrently moved to strike the nine allegations claiming that Mr. Pannell's identity was obscured. If the Motion to Strike is granted, the factual basis for Plaintiff's claims pertaining to obscuring Mr. Pannell's identity and / or cover-up is obviated and the same result occurs – eliminating the factual basis for Plaintiff's claims for obscuring the identity of Mr. Pannell and / or covering-

6

up. Whether the Court grants the Motion to Strike or considers the police reports in ruling on this Motion to Dismiss as incorporated by and integral to Plaintiff's Complaint, the Court should dismiss Plaintiff's claims related to obscuring Mr. Pannell's identity and covering-up.

Mr. Pannell's name is mentioned in the police reports at least eighteen times. (Police Report, App. 1-10). Mr. Pannell's identity and position with the Johnson County Attorney's Office is revealed in the police reports. (Police Report, App. 1-10). There was no effort to keep Mr. Pannell's name or identity out of the police reports and the Iowa City Police Officers did not keep his name or identity from those reports. (Police Report, App. 1-10).

Plaintiff cannot establish plausibility of his allegations of obscuring Mr. Pannell's identity or covering-up for the same by relying on the transcript from the suppression hearing. (e.g., Complaint p. 12, numbered para 46). While Plaintiff cites in the Complaint to the suppression hearing transcript at page 24-25 and the testimony in that portion of the transcript touches on disclosure of Mr. Pannell, the full response was cut short by counsel for Chris Kelly who interrupted the answer from Iowa City Police Officer Travis Neeld. The colloquy in this regard was:

> Q: "Did Mr. Pannell tell you to keep his name out of this (referring to the criminal complaint)?
>
> A: "He did. But we'd spoke about it, and ..."

7

(Suppression Transcript 24:22-25:2, App. 12-13).

The allegation in Plaintiff's Complaint about obscuring Mr. Pannell's identity in the police reports (at transcript pages 24-25) is unsupported by the testimony in the Suppression Hearing. (Suppression Transcript 24:22-25:2, App. 12-13). The transcript testimony relied on by Plaintiff speaks solely to the criminal complaint and mentions nothing about the police reports (because Officer Neeld was unable to complete his answer). (Suppression Transcript 24:22-25:2, App. 12-13). Additionally, we know from the police reports that Mr. Pannell's name and identity were disclosed multiple times such that the identity of Mr. Pannell was, in fact, not withheld and, therefore, there could be no conspiracy to withhold that information because it was disclosed eighteen times in the police reports. (Police Reports, App. 1-10).

Additionally, Mr. Kelly knew Mr. Pannell's identity had been disclosed. Mr. Kelly was present at his preliminary criminal hearing which occurred on January 27, 2020. (Transcript Preliminary Hearing, 3:8-3:9, App. 15). Testimony was elicited at the preliminary hearing identifying the witness who called the police and expressed his concern that (who would be later identified as Mr. Kelly) was believed to carrying a weapon in his pocket. (Transcript Preliminary Hearing, 9:16-11:15, App. 16-18). By the way Defense counsel for Mr. Kelly phrased the questions in the preliminary

8

hearing, it is clear Defense counsel knew that Mr. Pannell was the witness who called the police to report his observations about Mr. Kelly. (Transcript Preliminary Hearing, 10:5-10:11, App. 18). In this regard, the transcript from the preliminary hearing reveals that the witness who called the Iowa City Police was Mr. Pannell and that he was an assistant in the Johnson County Attorney's Office. (Transcript Preliminary Hearing, 9:25-10:13, App. 16-17). The transcript reveals that Mr. Pannell's name had been disclosed (in the police reports) and was not sealed information. (Transcript Preliminary Hearing, 10:5-10:8, App. 17).

Plaintiff's allegations of obscuring Mr. Pannell's identity are false. By presenting to the Court a pleading, the allegations are represented to be based on "knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances. . . .*" Fed. R. Civ. P. 11(b) (emphasis added). Given the allegations in the Complaint, at a minimum, an inquiry reasonable under the circumstances would include a review of the police reports and filings in the federal criminal case. *See id.* Such review unequivocally demonstrates that multiple allegations in the Complaint are false and cannot support Plaintiff's claim for obscuring or covering-up Mr. Pannell's identity.

Plaintiff's disclaimer of alleging on "information and belief" that Mr. Pannell's identity was obscured and there was a cover-up of the same, does not establish the requisite plausibility under the Twom-bal standard on a motion to dismiss. *See Aguilera*, 990 F.Supp. 2d at 938-39. The proper question is whether Plaintiff has adequately asserted facts to support his claims. *See id.*

When viewed in context with the police reports, it is clear that Plaintiff cannot establish a plausible factual basis to establish that Mr. Pannell, Johnson County, or the City Defendants obscured Mr. Pannell's identity or tried to cover-up. *See id.* As such, Plaintiff's claims in this regard fail to state a claim upon which relief may be granted as to any Defendant. *See* Fed. R. Civ. P. 12(b)(6). Count V of Plaintiff's Complaint regarding cover-up must be dismissed as to all Defendants, accordingly. The same is true for any other Count upon which Plaintiff relies on the claim of obscuring Mr. Pannell's identity or covering-up. Because Plaintiff incorporates Count V into all Counts subsequent to Count V, this includes, without limitation, the claims for: civil conspiracy (Count VI); ratification, maintenance, and deliberate indifference (Count VII); assault and battery (Count VII); false arrest and imprisonment (Count IX); intentional infliction of emotional distress (Count X); and, negligent hiring, retention, supervision, and emotional distress

(Count XI). Plaintiff can establish no liability to any Defendant on any claim based on false allegations about obscuring Mr. Pannell's identity or covering-up because there is no plausible factual basis. *See id., and, Aguilera*, 990 F.Supp. 2d at 938-39.

Plaintiff seeks injunctive relief in Count XII for the alleged wrongful conduct claimed in the other Counts in his Complaint. (Complaint, pp. 30-31, numbered para. 127-130). To establish the right to injunctive relief, Plaintiff would have to, among other things, establish a likelihood of success on the merits. *See Powel v. Ryan*, 855 F.3d 899, 902 (8th Cir. 2017 (citing *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981 (*en banc*)) (pertaining to the requisite likelihood of success on the merits to obtain injunctive relief). To the extent the Court dismisses Plaintiff's claims, as argued herein and as argued by the City Defendants in their Motion to Dismiss, it should also dismiss Count XII seeking injunctive relief on the basis of the other dismissed Counts. Plaintiff could not establish a likelihood of success on claims that are dismissed. *See id*.

## CONCLUSION

For the reasons set forth above, the Court should dismiss all of Plaintiff's claims based on the alleged obscuring of Mr. Pannell's identity and cover-up including: Count V for cover-up; Count VI for civil conspiracy;

Count VII for ratification, maintenance, and deliberate indifference; Count VIII for assault and battery; Count IX for false arrest and imprisonment; Count X for intentional infliction of emotional distress; and Count XI for negligent hiring, retention, supervision, and emotional distress; and Count XII for injunctive relief based on the dismissed claims.  Additionally, for the reasons set forth in the City's Motion to Dismiss, the Court should dismiss Counts III, V, VI, VII, and XI.

/s/ Robert M. Livingston
Robert M. Livingston, #AT0004728
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
Council Bluffs, Iowa  51503
Direct #712.828.7840
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: rlivingston@stuarttinley.com

Kristopher K. Madsen  #AT0004969
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
Council Bluffs, Iowa  51503
Direct #712.828.7838
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: kmadsen@stuarttinley.com
ATTORNEYS FOR DEFENDANTS
JUDE PANNELL AND JOHNSON
COUNTY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of May, 2021, the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system, service being made by ECF upon the following:

Aaron Marr Page
Clark Grove PLLC
PO Box 294
Iowa City, IA  52244
Aaron@clarkgrove.com
ATTORNEY FOR PLAINTIFF

Wilford H. Stone
Nathan M. Kooker
Lynch Dallas, P.C.
526 Second Avenue SE
Cedar Rapids, IA  52406
ATTORNEYS FOR DEFENDANTS TRAVIS NEELD AND NILES MERCER

Elizabeth J. Craig
Susan Dulek
Assistant City Attorney
410 E. Washington Street
Iowa City, IA  52240
icattorney@iowa-city.org
ATTORNEY FOR DEFENDANT
CITY OF IOWA CITY

　　　　　　　　　　　　　　　　　　  /s/ Robert M. Livingston