IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CHRIS KELLY, JR.,<br><br>      Plaintiff,<br>vs.<br><br>JUDE PANNELL, TRAVIS NEELD, NILES MERCER, DOES 1-10, THE CITY OF IOWA CITY and JOHNSON COUNTY,<br><br>      Defendants. | 3:21-cv-00021<br><br>**PROTECTIVE ORDER**<br>**RE: CONFIDENTIALITY OF**<br>**DOCUMENTS AND INFORMATION** |

Pursuant to the parties' stipulation, the Court enters this Protective Order re: Confidentiality of Documents and Information ("Protective Order"):

1. Materials and information protected by this order (hereinafter referred to as "Confidential Information") include any materials or information that would fit the definition of a "confidential record" pursuant to Iowa Code Section 22.7(2021). Any information or materials disclosed by a party in this action shall be designated as Confidential Information when it would be deemed by a court to meet the requirements of a confidential record pursuant to Iowa Code Section 22.7(2021). As used in this Protective Order, the term "party" includes the parties to this action and any third party to this action who requests the protections provided by this Protective Order.

2. A party may designate any document or information as "Confidential Information" if the party and their counsel believe in good faith that such designation is appropriate under Iowa Code Section 22.7(2021).

3. Any Confidential Information may be so designated by stamping the documents with the legend "Confidential" prior to production or by an accompanying written directive clearly describing the documents or information to be treated as Confidential

Information. Stamping such legend to the cover of any multi-page document shall serve to designate all pages of such document as Confidential Information unless otherwise indicated by that party. The term "document" as used in this Protective Order includes any deposition transcript claimed to contain or refer to Confidential Information. A party may designate any portion of a deposition transcript containing or referring to Confidential Information by, at the time of deposition, declaring in advance certain answers to constitute Confidential Information, or by, within thirty (30) days of receiving a deposition transcript, serving line-by-line designations on all parties indicating the information that is designated as Confidential Information.

4. The parties shall have the right to challenge the designation by any party of any document or information as Confidential Information by giving written notice to all parties within thirty (30) days of the receipt of such designation, which notice shall specify the documents or information so claimed to be improperly designated. During the seven (7) day period following the service of such written notice, the parties shall confer in good faith in an effort to resolve the objections. If the parties are unable to resolve their dispute, then a party may present a motion to the Court objecting to such designation. The Confidential Information so designated shall maintain its confidential status during the pendency of any such motion until resolution by the Court or further agreement of the parties.

5. Documents or information designated as Confidential Information may be disclosed or made available only to the following permitted recipients:

    a. The Court, including the Court's administrative and clerical staff, ███████████████████████████████████████████
    b. Attorneys of record in this action, as well as the paralegals, clerical, and secretarial staff employed by such attorneys;
    c. The parties as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in this action or who are otherwise necessary to aid counsel in this action;
    d. Court reporters taking or transcribing depositions in this action;

      e.    Any deposition, ▇▇▇▇▇▇ witness in this action who previously has had access to the documents or information or who has otherwise acted as an agent, employee, consultant, or advisor to the party that produced the documents or information, except for former employees;

      f.    Any "Expert Witness or Consultant," which shall be defined to mean a person who has been retained by a party or their attorneys in good faith to serve as an expert witness or consultant in connection with this action (whether or not retained to testify at trial), including any persons working directly under the supervision of any such Expert Witness or Consultant, provided that prior to the disclosure of documents or information designated as Confidential Information to any such person, the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A;

      g.    Persons or entities serving subpoenas, provided that the party issuing the subpoena gives counsel for the designating party written notice of such subpoena within five (5) business days after service of the subpoena but not less than five (5) business days prior to the production of documents in response thereto;

      h.    To the extent not otherwise permitted by sub-paragraph 5(e) above, any deposition, ▇▇▇▇▇▇ witness in this action who executes the form attached hereto as Exhibit A; and

      i.    Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

6.    Documents and information designated as Confidential Information shall not be disclosed to any person other than in accordance with this Protective Order. Documents and information designated as Confidential Information may be used by permitted recipients only for purposes of preparing for and conducting this action and may not be re-disseminated or used outside of this action.

7.    The production by a party of any Confidential Information without a "Confidential" legend or other Confidential Information designation shall be without prejudice to any later claim that such material should be treated as confidential, and the parties shall not be held to have waived any rights by such production. If a party through inadvertence produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, then such party may give written notice

to the receiving party that the document or information produced is deemed Confidential Information and that the document or thing produced should be treated as though designated Confidential Information in accordance with this Protective Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently non-designated Confidential Information.  Counsel for the receiving party has no obligation to retrieve documents that were re-disseminated prior to the designation of the same as Confidential Information by the producing party, nor shall any penalty apply to the re-dissemination of documents prior to their designation as Confidential Information.

8. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibilities to maintain the confidentiality of information designated pursuant to this Protective Order. Upon a final judgment or settlement of this action, and after the time for any and all appeals has expired, the parties, their counsel, their expert witnesses and consultants, and all parties who have signed Exhibit A and have been given Confidential Information, shall no later than sixty (60) days after such date either return the designated documents to producing counsel or certify that they have destroyed all designated documents and all copies thereof.  At the same time, counsel shall exchange copies of each Exhibit A statement that was signed pursuant to paragraph 5 above.

9. This Protective Order may be amended or modified only by the Court. Any party to this action may seek to amend or modify this Order at any time by appropriate motion to the Court ███████████████████████████████████████.

10. In the event that a party receives a subpoena or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise,

for the production or disclosure of any Confidential Information that is in the party's possession or control, that party shall provide the designating party with written notice of such subpoena or demand at least fourteen (14) days prior to the receiving party's required response to such subpoena or demand and shall not interfere with any action that the designating party may elect to take to protect the confidentiality of the Confidential Information. If, however, a response by a party receiving a subpoena or demand is required in less than fourteen (14) days, the receiving party shall provide the designating party with immediate notice and shall not interfere with any action that the designating party may elect to take to protect the confidentiality of the Confidential Information.

      11.    If information, documents or other material subject to a claim of attorney-client privilege, work product, or any other ground upon which production of such information may be withheld is nevertheless inadvertently produced in this action, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which the producing party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, that receiving party shall promptly return to the producing party the material as to which the claim of inadvertent production has been made (including all copies thereof) and make no use of such documents or other information for any purpose.

      IT IS SO ORDERED.

      DATED December 1, 2021.

*[Signature]*
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

1. I, _____, residing at _____, have read the foregoing Stipulated Protective Order Re: Confidentiality of Documents and Information (the "Protective Order") in the action captioned CHRIS KELLY, JR., Plaintiff vs. JUDE PANNELL, TRAVIS NEELD, NILES MERCER, DOES 1-10, THE CITY OF IOWA CITY, and JOHNSON COUNTY, Defendants, in the United States District Court for the Southern District of Iowa, Eastern Division, case number 3:21-cv-00021 ("this action").

2. I agree to be bound by the terms of the Protective Order with respect to any documents or information marked as "Confidential" and otherwise designated as Confidential Information and provided to me as set forth in the Protective Order.

3. I agree to return or destroy any documents as required by paragraph 8 of the Protective Order.

4. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of Iowa, Eastern Division or such other court in which this action is located with respect to any proceedings to enforce the terms of the Protective Order against me.

5. I hereby agree that any and all documents marked as "Confidential" and otherwise designated as Confidential Information that are provided to me shall be used by me only for the purposes of this action and for no other purpose, and will not be used by me in any business affairs of my employer or of my own for any purpose other than this action; nor will the information contained therein be imparted by me to any other person except as allowed by the Protective Order.

Date: _____  _____
                                Signature